IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>BEVINTEL, LLC, et al.,<br><br>       Defendants.<br>_____/ | No. C 13-0232 CW<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND (Docket No. 28) |

Plaintiff Intel Corporation moves for leave to amend its complaint. Defendant Bevintel, LLC opposes the motion. After considering the parties' submissions, the Court finds this matter suitable for decision without oral argument and now grants the motion.

DISCUSSION

Plaintiff filed this trademark infringement action in January 2013. On July 3, 2013, it sought Defendant's consent to amend its complaint. Docket No. 28, Declaration of Donald A. Thompson, Ex. B. After Defendant failed to respond, Plaintiff filed the instant motion on July 11, 2013, the deadline for amending the pleadings. See Docket No. 20, Case Management Order.

Because Plaintiff does not seek to amend the scheduling order here, its motion is governed by Federal Rule of Civil Procedure 15. That rule provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because the rule "favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529,

530-31 (N.D. Cal. 1989) (citing Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)).  Courts generally consider five factors when deciding whether to grant a party leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings.  Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Here, Plaintiff seeks to substitute twenty-one of Defendant's California franchisees for Doe Defendants.  Defendant asserts that these franchisees' names were publicly available -- both on its own website and on the California Department of Business Oversight's (DBO) website -- when Plaintiff first filed this lawsuit.  Thus, Defendant contends, Plaintiff's proposal to substitute these franchisees at this stage in the litigation is "untimely, prejudicial and brought in bad faith."  Docket No. 30, Opp. 1.  This argument is unpersuasive.

Plaintiff asserted in its original complaint that it "has not been able to identify Does 1-25 because it does not have full access to information regarding all of Bevintel's licensees and franchisees."  Docket No. 1, Complaint ¶ 8.  It further stated, "Intel will amend its complaint as promptly as discovery permits it to identify all applicable Does."  Id.  In light of these statements notifying Defendant that Plaintiff planned to amend its complaint in this way, Defendant cannot now claim prejudice or bad faith.

Nor can Defendant reasonably claim undue delay.  Plaintiff sought Defendant's consent to the proposed amendment more than a week before the deadline to add new parties and more than two

2

months before the close of fact discovery.  It then gave Defendant over a week to respond to its request before filing a timely motion for leave to amend.  In short, Plaintiff complied with the scheduling order and moved to amend at its earliest practical opportunity.[1]

While Defendant contends that Plaintiff could have obtained the names of its franchisees earlier in this litigation, Defendant has not presented sufficient evidence to support this claim.  For instance, Defendant has not offered any evidence to show that its website featured an exhaustive list of its franchisees when Plaintiff filed this suit.  Its supporting declaration does not provide a URL for its website, let alone any evidence that the website accurately identified all of its franchisees in January 2013.  Defendant has similarly failed to show that the DBO's website contained accurate information about its franchisees at that time.  In fact, Defendant concedes that the most recent franchisee disclosure statements available on the DBO's website were filed in July 2011 -- more than a full year before Plaintiff filed this suit -- and that the DBO has yet to upload its more recent disclosure statements.  See Docket No. 30-1, Declaration of John J. Dabney ¶ 6.

Even if all of Defendant's franchisee information was publicly available when Plaintiff filed its original complaint,

---

[1] Plaintiff's compliance with the scheduling order is one of several factors that distinguish this case from Jackson v. Bank of Hawaii, which Defendant cites for support.  902 F.2d 1385, 1388 (9th Cir. 1990) (noting that the plaintiffs "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and in February 1988, but they delayed offering their amended complaint until May 1988").

3

Defendant still failed to direct Plaintiff to this information until last month when it filed its opposition to the instant motion. None of its responses to Plaintiff's discovery requests mention any websites or other publicly available resources where Plaintiff might find an exhaustive list of Defendant's California franchisees. As such, Defendant has failed to show that Plaintiff's proposed amendment is untimely or prejudicial and Plaintiff must be granted leave to amend its complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend its complaint (Docket No. 28) is GRANTED. Within three days of this order, Plaintiff shall file the version of its First Amended Complaint (1AC) that is currently attached as Exhibit A to Donald Thompson's declaration in support of Plaintiff's reply.[2] Docket No. 32. All deadlines set forth in the case management order shall remain unchanged.

IT IS SO ORDERED.

Dated: 8/12/2013

CLAUDIA WILKEN
United States District Judge

---

[2] The Court notes that this version of Plaintiff's proposed 1AC identifies five franchisees who were not identified in an earlier version of Plaintiff's proposed 1AC. Because Plaintiff learned of these identities after Defendant filed its opposition brief -- and only because Defendant did not disclose them sooner -- Plaintiff is permitted to use the later-filed version of its proposed 1AC. The addition of these additional franchisees to Plaintiff's proposed 1AC does not change the logic or substance of this order.

4